UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SYLVIA SPEARS                           CIVIL ACTION

VERSUS                                  NO: 12-1991

JEFFERSON PARISH PUBLIC                 SECTION: R
SCHOOL SYSTEM

ORDER AND REASONS

Before the Court is defendant's motion to dismiss or, in the alternative, motion for more definite statement.[1] For the following reasons, the Court GRANTS defendant's motion to dismiss.

I.    BACKGROUND

Sylvia Spears began work as a teacher within the Jefferson Parish Public School System in 1983 and was eventually promoted to principal at Waggamen High.[2] In 2009, she was transferred to the Cuillier Career Center as "Principal on Special Assignment."[3] On October 25, 2009, plaintiff filed a charge of discrimination with the Louisiana Commission on Human Rights, claiming that she was involuntarily transferred to the Cuillier Career Center and that her pay was reduced to the assistant principal pay rate.[4]

---

[1]    R. Doc. 22-1.

[2]    R. Doc. 1 at 2.

[3]    R. Doc. 22-2.

[4]    *Id.*

Plaintiff continued to work at the Cuillier Career Center. She asserts that she suffers from medical conditions that limit her day-to-day activities and that she was denied paid medical leave during the period between January and August 2012.[5] Plaintiff retired involuntarily from her position on August 8, 2012.[6] Several days before her retirement, on August 1, 2012, plaintiff filed suit in this Court against the Jefferson Parish Public School System, claiming violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; and Louisiana state law.[7] Defendant filed a motion to dismiss, or in the alternative a motion for more definite statement, on the grounds that it lacks the procedural capacity to be sued and that plaintiff failed to exhaust her administrative remedies.[8]

## II.   STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960

---

[5]   R. Doc. 24-1.

[6]   *Id.*

[7]   R. Doc. 1.

[8]   R. Doc. 27.

(2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007). A motion to dismiss brought pursuant to

Rule 12(b)(6) is the proper vehicle by which to seek dismissal of a defendant on the grounds that it is not a juridical entity that can be subject to suit. *See, e.g., LaMartina-Howell v. St. Tammany Parish School Bd.*, No. 07-1168, 2009 WL 3837323, at *4 (E.D. La. Nov. 12, 2009).

## III. DISCUSSION

Defendant argues that the Jefferson Parish Public School System lacks the procedural capacity to be sued. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located," and thus the Court will look to Louisiana law. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code Ann. art. 24. The Louisiana Supreme Court has set forth a framework within which to determine the suability of an entity. *See Roberts v. Sewerage and Water Board,* 634 So.2d 341 (La. 1994) (Sewerage and Water Board Commission was third party capable of being sued under state workers compensation law). The court in *Roberts* stated:

> [T]he determination that must be made in each
> particular case is whether the entity can appropriately
> be regarded as an additional and separate government
> unit for the particular purpose at issue. In the
> absence of positive law to the contrary, a local
> government unit may be deemed to be a juridical person

4

> separate and distinct from other government entities,
> when the organic law grants it the legal capacity to
> function independently and not just as the agency or
> division of another governmental entity.

*Id.* at 346-47. In concluding that the Sewage and Water Board was a "third person" capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the board. *See id.* at 352.

Here, defendant contends that the Jefferson Parish School Board, not the Public School System, is the proper defendant. Under Louisiana law, a parish school board may create school districts. La. Rev. Stat. 17:1371. Defendant contends that the School System qualifies as a district, which plaintiff does not dispute. A parish board serves as the governing body of the school districts it creates and "has the power to order, conduct and hold all elections in these districts for purposes of voting special school taxes." La. Rev. Stat. 17:1373. Further, parish boards constitute bodies corporate with the power to sue and be sued. La. Rev. Stat. 17:51.

The Court finds that, under Louisiana law, the Jefferson Parish School Board is the entity that governs the Jefferson Parish Public School System. Parish school boards "have much discretion to determine the number of schools; location of the schools; number of teachers employed; teachers' salaries; and adopt policies and procedures for the superintendent to uphold." *Hamilton v. City of Natchitoches*, 903 So. 2d 1247, 1250 (La. Ct.

App. 2005), *writ denied,* 922 So. 2d 550 (La. 2006). With such extensive management carried out by the Parish School Board, there is no indication that the School System functions independently or acts as a separate unit. *See Williams v. Recovery School Dist.*, 859 F. Supp. 2d 848 (E.D. La. 2012) (school district administered by state Department of Education not a juridical person capable of being sued).

Plaintiff concedes that the Jefferson Parish Public School System is not a proper defendant but argues that the use of the word "System" rather than "Board" is a clerical error. But, the Court cannot simply substitute one name for another, as parish boards are entities established by the Louisiana Constitution that are distinct from the districts they create and serve. *See Hamilton*, 903 So.2d at 1250.[9] The problem with plaintiff's argument is illustrated by the individual who was served in the suit. Plaintiff served Dr. James Meza, Jr., the acting Superintendent of the Jefferson Parish Public School System.[10] But, Louisiana Revised Statute 17:51 states that "[i]n suits against school boards, citation shall be served on the president

_____

[9] That the words "System" and "Board" were used interchangeably in *Dandridge v. Jefferson Parish School Board,* 322 F. Supp. 590 (5th Cir. 1971) is irrelevant, for the issue is the identity of the defendant, not how a school district is described. Moreover, in that suit, the defendant was the Jefferson Parish School Board, demonstrating that plaintiff failed to bring suit against the proper defendant.

[10] R. Doc. 8.

of the board and in his absence on the vice-president." Plaintiff has put forth no evidence indicating that Dr. Meza serves as the president or vice-president or that he is even a member of the Parish Board.

Therefore, the Jefferson Parish School Board has not been served and is not before the Court as a defendant. Accordingly, because the served defendant is not a juridical person under Louisiana law that may be subject to suit, plaintiff's claims must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion and dismisses plaintiff's claims without prejudice.

New Orleans, Louisiana, this <u>2nd</u> day of May, 2013.

_Sarah Vance_
_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE